IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

OTHNI EDNEY and )
CHRYSTAL BOWEN, )
                                )
                  Plaintiffs,    )       **CASE NO. SX-2020-CV-00567**
                                )
vs.                             )       ACTION FOR BREACH OF
                                )       CONTRACT, CONVERSION
JOHN SHOUP and                  )
MSY PROPERTY, LLC,              )       2021 VI SUPER 95U
                                )
                  Defendants.    )

**Scot F. McChain, Esq.**
McCHAIN, HAMM and ASSOCIATES, LLP
Christiansted, VI
*Attorney for Plaintiffs*

**Stefan B. Herpel, Esq.**
DUDLEY NEWMAN FEUERZEIG LLP
Christiansted, VI
*Attorney for Defendants*

**BRADY, Douglas A., Judge**

## MEMORANDUM OPINION and ORDER

¶1      Before the Court are Defendants' Emergency Motion to Strike Lis Pendens to Allow Sale,[1] filed August 17, 2021, opposed by Plaintiffs; Plaintiffs' Motion to Amend Complaint, filed August 24, 2021; and Plaintiffs' Motion for Emergency Hearing, filed September 7, 2021. Both Plaintiffs' Motions are opposed by Defendants.

¶2      For the reasons set forth herein, Defendants' Motion to Strike will be granted; Plaintiffs' Motion to Amend will be denied; and Plaintiffs' Motion for Emergency Hearing will be denied as moot. Further, *sua sponte,* the Court will require Defendants to show cause in writing why Defendants should not be required, upon application of Plaintiffs, to give security to pay any judgment that may be entered in favor of Plaintiffs herein or, alternatively, why sufficient funds to be realized from Defendant Shoup's pending sale to William Watson of Plot 52 Company Street,

---

[1] By the Emergency Motion to Strike, Defendants originally sought preliminary injunctive relief in the alternative, to require the release of *Lis Pendens* filed by Plaintiffs against the subject real property. At the August 24, 2021 hearing on the Motion, Defendants orally moved to withdraw their request for injunctive relief, which was granted by written Order of August 24, 2021.

Christiansted, should not be attached or otherwise held in escrow by a third-party to provide such security. *See* 5 V.I.C. § 251, et seq. and V.I. R. Civ. P. 64.

## BACKGROUND

¶ 3    The factual background of the parties' dispute is well set forth in the record and known to the parties and is presented summarily here. On November 25, 2019, Plaintiffs and Defendant Shoup entered into an agreement titled "Term Sheet," described within as a "nonbinding summary of the principal terms of the proposed purchase and sale of the ownership interests in MSY Property, LLC, a U.S. Virgin Islands limited liability company, which owns the following Property and remains subject to the satisfactory negotiation and execution of a definite ownership purchase and sale agreement. Property: Plot 52 Company Street, Town of Christiansted, St. Croix, United States Virgin Islands."[2]

¶ 4    The proposed terms included a sale price of $650,000, including a deposit of $100,000 made by the buyers on the date of the execution of the Term Sheet, with the balance to be financed by the seller. Buyers also made payment that date in the sum of $4,524, "to cover new liability insurance, existing building insurance and 2020 property taxes in order to take occupancy of Top Hat on December 1, 2019."[3] Closing was to occur on or about December 4, 2019.

¶ 5    Documents to be produced by Defendants' attorney were not presented, and closing did not occur as anticipated. Many weeks later, Plaintiffs advised Defendants that they would not consummate the purchase, and sought return of their November 25, 2019 deposit, which Defendants refused. Each party claims that the other breached the Term Sheet.

¶ 6    On May 4, 2021, Defendant Shoup entered into an agreement to sell the subject real property to William Watson for $515,000, with closing to occur within 75 days. However, in the event the buyer advised seller of a title defect, the seller was provided an additional 60 days within which to cure.[4]

¶ 7    Plaintiffs filed this action June 9, 2020, seeking "judgment that Plaintiff is [*sic*] owed the amount of the deposit paid as earnest money for the purchase of the building and business,"

---

[2] Defendants' Motion to Strike, Exhibit 1.

[3] *Id.*

[4] Defendants' Motion to Strike, Exhibit 4, ¶¶ 3, 4.

together with punitive damages, costs and attorney's fees.[5] On September 3, 2020, Plaintiffs recorded their *Lis Pendens* against Plot 52 Company Street, Christiansted, under the caption of this action, giving notice of the action for breach of contract and conversion affecting the property.[6]

## DISCUSSION

¶ 8     Title 28 V.I.C. § 130 permits the recording of notices of "pending actions affecting title to real estate" to be recorded at the office of the Recorder of Deeds. "A notice of *lis pendens* makes the public aware that certain property is the subject matter of litigation." *SBP, I, LLC v. Family Props. Caribbean, LLC,* 2010 V.I. LEXIS 76, *3 (V.I. Super. 2010).

¶ 9     Here, a plain reading of Plaintiffs' Complaint reflects that Plaintiffs seek return of money, allegedly wrongfully retained by Defendants in connection with an aborted transaction between the parties that, if consummated, arguably would have effectively transferred title to real property.[7]

¶ 10     Plaintiffs move for leave to file their Amended Complaint wherein they claim more directly and seek to more specifically demonstrate that the litigation affects title to the subject real property. The Amended Complaint adds a second count, alleging that "Defendants breached the Term Sheet" between the parties "relating to the purchase of Plot No. 52 Company St., Christiansted, VI 00820."[8]

¶ 11     Plaintiffs claim that with the filing of their Amended Complaint, the action affects title to the subject real property in that they seek "specific performance for the sale of the Property based on Plaintiffs' claim of breach of contract."[9] Yet, by the same proposed amended pleading, Plaintiffs concede that "Prior to closing, Plaintiffs opted not to go forward with the purchase and requested that Defendant Shoup return the $100,000.00 earnest deposit."[10] Plaintiffs' withdrawal from the Term Sheet agreement is further confirmed by their counsel's April 30, 2020 letter to

---

[5] Complaint, "Wherefore" prayer ¶¶ 1-3.

[6] Defendants' Motion to Strike, Exhibit 4.

[7] The "Term Sheet" sets forth terms of the proposed purchase and sale of the ownership interests of the Defendant limited liability company, which holds title to Plot 52 Company Street. Had the agreement been performed by the parties, the subject property would presumably still have been owned by the LLC, but the ownership of the LLC would have transferred from Defendant Shoup to Plaintiffs. Because the agreement was not consummated, it is unnecessary to determine whether the conveyance of the LLC ownership interests would affect title to real estate.

[8] Amended Complaint, ¶¶ 28, 24. As noted, the Term Sheet actually summarized "the principal terms of the proposed purchase and sale of the ownership interests in MSY Property, LLC."

[9] Amended Complaint, "Wherefore" prayer ¶ 2.

[10] *Id.* ¶ 10.

Defendants' counsel: "Buyer has since declined to go forward with the purchase and has requested reimbursement of the $100,000.00 deposit." Further, "Buyer will not proceed with the closing, will not lease the building, and will not walk away without return of the deposit he is owed."[11]

¶ 12    "Specific performance is an equitable remedy which compels the performance of a contract according to its terms." *McDonald v. Frietze*, 24 V.I. 170, 176 (V.I. Terr. 1989) (citations omitted). "A buyer's action for specific performance of a purchase and sale agreement for real property is a classic example of an action in which a *lis pendens* is both appropriate and necessary." *SBP, I, LLC,* 2010 V.I. LEXIS 76, *3 (citations and quotation omitted). Here, however, Plaintiffs repudiated their agreement with Defendants and sought (then, and in their Complaint in this action) return of their deposited funds. Because Plaintiffs "opted not to go forward with the purchase" and determined and advised Defendants that they "will not proceed with the closing," a necessary prerequisite to a viable claim for specific performance - the existence of an enforceable contract - is missing.

¶ 13    Amendments to a party's pleadings are to be granted liberally. Yet, the Rule's admonition that leave to amend should be freely given exists only when justice so requires. *See* V.I. R. Civ. P. 15(a)(2). "The decision to allow such amendments is vested in the discretion of the Superior Court. But the Superior Court may not deny a request to amend without providing a 'justifying reason.' Appropriate justifications include, but are not limited to, 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Reynolds v. Rohn*, 70 V.I. 887, 900 (V.I. 2019) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (other citations omitted).

¶ 14    Here, as in *Reynolds,* the proposed amendment to Plaintiffs' Complaint would be futile. The proposed Amended Complaint is legally deficient in that it confirms the absence of a binding contract between parties on account of Plaintiffs' withdrawal yet seeks specific performance of the no longer existent contract. The plaintiff in *Reynolds* "offers no set of facts he intends to plead in an amended complaint to cure the legal deficiencies of his Complaint, and because the Court can envision no potential newly pleaded facts that would cure those deficiencies, an amendment to the Complaint would be futile." *Id.*

---

[11] Plaintiffs' Opposition to Defendants' Motion to Strike, Exhibit 4.

¶ 15    Because the proposed Amended Complaint here fails to include a plain statement of the claim showing that the pleaders are entitled to relief, the amendment is futile. *See* V.I. R. Civ. P. 8(a)(2) and V.I. R. Civ. P. 15(a)(2). Plaintiffs' Motion to Amend will be denied.

¶ 16    Plaintiffs seek the return of their earnest money deposited pursuant to the Term Sheet. Their Complaint seeks only money and, as such, this litigation does not affect title to real property. Defendants are entitled to have the *Lis Pendens* discharged as an encumbrance against the subject property, and their Motion to Strike will be granted.

¶ 17    As these rulings address the substantive issues presented by Plaintiffs' Motion to Amend, no purpose would be served by holding a hearing as requested by Plaintiffs' Motion for Emergency Hearing on their Motion to Amend. The Motion for Emergency Hearing will be denied as moot.

¶ 18    Section 251 of Title 28 of the Virgin Islands Code provides that property of a defendant may be attached at the outset of litigation, or at any time afterwards, unless the defendant posts security, in an action for the direct payment of money on a contract, and in a contract action where the defendant does not reside in the Virgin Islands. Plaintiffs to date have not attempted to utilize the statutory remedy to attach property of Defendants during the pendency of the case. Yet, Plaintiffs' action does seek reimbursement of monies paid to and retained by Defendant Shoup pursuant to the failed Term Sheet contract of the parties. Further, the record is replete with references to the fact that Defendant Shoup is a New Orleans, Louisiana restaurateur, suggesting that Defendant Shoup is not residing in the Virgin Islands.[12] As such, the facts of this dispute may make it amenable to statutory prejudgment attachment. *See* 5 V.I.C. § 251 (1) and (2).

¶ 19    Decades ago, the District Court of the Virgin Islands held 5 V.I.C. § 251 unconstitutional on its face for its total failure to safeguard a defendant's due process rights. *Walsh v. Gerrits*, 24 V.I. 118 (D.V.I. 1988). More recently, however, the same court read the statute as implicitly requiring that a defendant be given notice and the opportunity to be heard before a court decides whether to attach funds or property prior to judgment. The inclusion of those protections satisfy minimum due process requirements and, by them, the statute passes constitutional muster. *Crown Builders, Inc. v. Stowe Eng'g Corp.*, 8 F. Supp. 2d 483, 488-89, 39 V.I. 249, 258-59 (D.V.I. 1998).

¶ 20    Plaintiffs are straightforward in expressing their concerns that unless Defendants are restrained, the proceeds from Defendant Shoup's pending sale of the subject property to William

---

[12] *See*, e.g. Motion to Strike, Exhibit A, Shoup Declaration, ¶ 1.

Watson may leave the territory and, as a practical matter, hinder or thwart completely their ability to execute on any judgment obtained herein. Such concerns would be eliminated if security were posted or if sufficient funds from the proceeds of Defendant Shoup's impending sale are set aside in escrow pending early resolution of the issues presented herein by Plaintiffs' Complaint. The burden upon Defendants from such an interim arrangement appears minimal compared to the potential risk facing Plaintiffs that execution on a future judgment may not be readily realized.

¶ 21    In light of the foregoing, it is hereby

ORDERED that Defendants' Emergency Motion to Strike Lis Pendens is GRANTED, and a separate Order is entered herewith which may be placed of record at the Office of the Recorder of Deeds, cancelling and discharging Plaintiffs' *Lis Pendens* recorded against the subject property. It is further

ORDERED that Plaintiffs' Motion to Amend Complaint is DENIED, as futile. It is further

ORDERED that Plaintiffs' Motion for Emergency Hearing is DENIED, as moot. it is further

ORDERED that prior to Defendant Shoup's closing on the sale of the pending transaction with William Watson, and no later 7 days from the date of this Order, Defendants shall show cause in writing why they should not be required, upon Plaintiffs' request for prejudgment relief, to deposit from the proceeds of Defendant Shoup's sale into the registry of the Superior Court, or to some third-party fiduciary or escrow agent (such as a real estate professional, or Defendants' counsel's trust account) such sums as are reasonably anticipated to be sufficient to satisfy any judgment entered herein in favor of Plaintiffs against one or both Defendants, in the approximate sum of $100,000; or, alternatively, to give security in such amount to pay any such judgment. It is further

ORDERED that a copy hereof shall be served upon counsel forthwith.

Dated: September  *13* , 2021

DOUGLAS A. BRADY, Judge

A T T E S T: TAMARA CHARLES
Clerk of the Court

By:_____
        Clerk Supervisor II